IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3146-F

| | | |
|---|---|---|
| ROBERT MILLER LATTIMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL A. GARRETT, | ) | |
| | ) | |
| Defendants. | ) | |

On July 11, 2012, plaintiff Robert Miller Lattimore, an inmate in the custody of the State of North Carolina currently incarcerated at Tabor Correctional Institution, filed this action under 42 U.S.C. § 1983 against Michael A. Garrett, whom plaintiff alleges is a "Case Manager" at Central Prison. Compl. 2. Plaintiff accuses Garrett of sexually assaulting him while he was incarcerated at Central Prison in July, 2011. Id. at 3-4. Plaintiff has requested leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 [D.E. 2, 4]. The matter is now before the court for frivolity review pursuant to § 1915(e)(2)(B) and for review of several motions filed by plaintiff since the filing of the complaint.

In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). After reviewing the matter, it does not clearly appear from the face of the

complaint that plaintiff is not entitled to relief. Thus, the court will allow the case to proceed.

Plaintiff has also filed a number of miscellaneous motions which the court will consider in turn. Plaintiff's first motion is a "Motion for Appointment of Counsel" [D.E. # 5]. Plaintiff asserts that he should receive appointed counsel because his incarceration hinders his ability to litigate on his behalf and he will require professional assistance in gathering evidence and conducting a trial. Pl.'s Mot. 1. Although § 1915(e)(1) authorizes the court to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to counsel in civil cases, and a court should exercise its discretion to "request" counsel for pro se civil litigants "only in exceptional" circumstances. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). The court finds that, considering the nature of the claim presented and plaintiff's demonstrated ability to articulate his claim, the facts of this case do not present exceptional circumstances warranting the appointment of counsel at this time. Accordingly, the motion for appointment of counsel is due to be denied at this time.

Plaintiff's second motion is captioned "Motion to Submit Summons" [D.E. # 7], and appears to replicate the text commonly included in a summons served with a complaint in a civil matter. Because this order will result in the attempted service of the complaint on defendant, plaintiff's "Motion to Submit Summons" will be denied as moot.

Plaintiff's third motion is styled "Motion to Order Dept. Of Public Safety to Issue me Adequate Writing Paper Inkpen, Big Manila Envelopes, Carbon Paper and Notary" [D.E. # 8]. In

the motion, plaintiff asserts that institutional staff at Tabor Correctional Institution have "refuse[d] to give [him] adequate writing paper, ink-pen big manila envelopes, carbon paper and notary to contact the courts and draw up adequate[.]" Plaintiff does not specifically describe any incident in which he was unable to contact this or any other court due to the alleged restrictions imposed by staff at Tabor. Indeed, since plaintiff's filing of this motion on August 4, 2012, the court has received at least five additional items of correspondence from plaintiff, including his notice of change of address [D.E. # 9], a twenty-one page batch of documents [D.E. # 10], mailed in a large manila envelope and received on August 20, 2012, a Declaration [D.E. # 11] submitted by plaintiff and received on August 23, 2012, a document styled as a "Motion" [D.E. # 12], received on October 18, 2012, which describes some purported "conspiracy" to deprive plaintiff of his reading glasses and will cause him to be unable to submit any further pleadings in this matter, and a document styled as a "Motion: That Plaintiff Contacted District Attorney Requesting to Swear Out a Warrant" [D.E. # 13] which the court received on October 29, 2012. Thus, it is apparent that any restrictions purportedly imposed by staff at Tabor on plaintiff's access to writing or mailing materials have not precluded him from contacting the court as he argues in the motion. Accordingly, plaintiff's "Motion to Order Dept. Of Public Safety to Issue me Adequate Writing Paper Inkpen, Big Manila Envelopes, Carbon Paper and Notary" will be denied.

Plaintiff's final pending motion is the aforementioned "Motion: That Plaintiff Contacted District Attorney Requesting to Swear Out a Warrant" [D.E. # 13]. In the motion, plaintiff requests that the court "allow [him] to submit G.S. 15A-304 warrant for arrest" to the District Attorney of Wake County for purposes of initiating a criminal prosecution of the defendant on plaintiff's charge of sexual assault. Plaintiff seeks this court's intervention because the "Wake County officials never

3

contacted [him] back" after previous efforts to alert the District Attorney's Office to his allegations. This court lacks the authority to compel the Wake County District Attorney's office to prosecute anyone or to even respond to plaintiff's solicitation of such a prosecution. Accordingly, plaintiff's "Motion: That Plaintiff Contacted District Attorney Requesting to Swear Out a Warrant" [D.E. # 13] will be denied.

For all of the reasons given above, it is ORDERED that the Clerk of Court is DIRECTED to maintain management of this matter. It is further ORDERED that plaintiff's "Motion for Appointment of Counsel" [D.E. # 5], "Motion to Submit Summons" [D.E. # 7], "Motion to Order Dept. Of Public Safety to Issue me Adequate Writing Paper Inkpen, Big Manila Envelopes, Carbon Paper and Notary" [D.E. # 8], and "Motion: That Plaintiff Contacted District Attorney Requesting to Swear Out a Warrant" [D.E. # 13] are DENIED.

SO ORDERED. This the 13th day of November, 2012.

_____
JAMES C. FOX
Senior United States District Judge

4